**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RYAN K. SCHULKE, Infant by his
mother and next friend, Kimberly
D. Frey; KIMBERLY D. FREY,
<u>Plaintiffs-Appellants,</u>

v.

ROBERT B. BOWEN, M.D.; ROBERT B.

BOWEN, P.A.,
<u>Defendants-Appellees,</u>

and

JOSE M. DELEON, M.D.; JOSE M.
DELEON, P.A.,
<u>Defendants.</u>

No. 97-1638

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-95-1709-WMN)

Submitted: February 17, 1998

Decided: April 27, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marvin Ellin, Lavonna Lee Vice, ELLIN & BAKER, Baltimore,
Maryland, for Appellant. Richard W. Stuhr, Karen L. Clouse,

JACOBSON, MAYNARD & TUSCHMAN CO., L.P.A., Columbus, Ohio, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants appeal the district court's denial of their motion for a new trial. The basis for this medical malpractice action is injury sustained by Ryan K. Schulke during his vaginal birth when his head delivered, but his shoulders became lodged in his mother's pelvis, a condition termed shoulder dystocia. During maneuvering by Robert B. Bowen, the attending obstetrician, to release Ryan's shoulders and accomplish delivery, Ryan sustained a fracture of his right humerus and injury to the brachial plexus nerve. He required resuscitative efforts following delivery, and sustained permanent injuries. At trial, Appellants contended that the shoulder dystocia in this case was due to Ryan's birth weight of eleven pounds seven ounces, that Bowen should have recognized that the infant was macrosomic,[1] and should have carried out an elective cesarian section in order to avoid the risk of shoulder dystocia.

The sole ground on appeal is that the district court abused its discretion in denying the motion for a new trial based on the post-trial affidavit of a witness allegedly showing that Bowen offered perjured testimony at trial. Specifically, Appellants base their perjury claim on inconsistencies between Bowen's trial testimony and statements made by Betty Elliott, R.N. in an affidavit obtained by Appellants eight days after the jury verdict. For the reasons set forth below, we find that the district court did not abuse its discretion in denying Appellants' motion for a new trial.

_____

[1] At trial, macrosomic was defined as referring to an infant weighing 4500 grams or more. Ryan weighed 5188 grams at birth.

2

Appellants identify two inconsistencies between Bowen's testimony and Elliott's affidavit. Specifically, Bowen testified that he did not see an August 31, 1993, admitting note indicating "macrosomia" prior to Ryan's delivery. In her affidavit, Elliott attested that she showed Bowen the note prior to delivery, and suggested to him that a cesarian section may be appropriate. Second, Bowen testified that he was not the individual who evaluated Ryan's APGAR score, while Elliott attested that he was. Based upon these inconsistencies, Appellants claim that Bowen perjured himself, and that, had the jury known of this perjury, they would have found in Appellants' favor.

To receive a new trial based on newly discovered evidence, the district court should consider whether the evidence: (1) would probably have changed the outcome of the trial; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching. See Diaz v. Methodist Hosp., 46 F.3d 492, 495 (5th Cir. 1995). We find that the alleged perjured testimony of Bowen does not satisfy any of the elements supporting the decision to grant a new trial.

First, Appellants claim that the Bowen's defense was based in large part on his lack of knowledge or indication suggesting to him that the fetus was macrosomic. As the district court found, however, Bowen's consistent position at trial was not that Bowen was unaware of the clinical estimates of Ryan's size, but that he felt that clinical estimates of fetal weight are unreliable and should not be used to alter the management of labor and delivery. In fact, Bowen testified that he did see a notation on an earlier admitting record[2] to the effect that this was a large baby, with an estimated fetal weight of nine to ten pounds. He further testified that he assumed that Elliott's obstetric admitting record of August 31, 1993, would contain essentially the same information as that contained in the earlier admitting record. Moreover, Bowen testified that even if he had seen Elliot's nursing assessment of macrosomia, he would not have changed his actions with regard to managing Ryan's birth because clinical estimates of fetal weight are unreliable. Notably, Bowen's opinion as to the unreliability of clinical estimates of fetal weight was supported by Appellants' own experts

_____

[2] Apparently, Ryan's mother presented at the hospital two days before Ryan's birth in false labor.

3

at trial. Accordingly, Appellants cannot satisfy their burden of proving that a new trial probably would have resulted in judgment in their favor.

Second, Appellants offer no explanation as to the reason Elliott's testimony could not have been produced at or prior to trial. Given that Elliott was one of the nurses attending Ryan's birth, and the nurse who authored the admitting notes, the importance of information in her possession should have been obvious to Appellants. Yet, they offer no explanation as to why, with due diligence, she could not be located prior to trial.

Finally, we find that while Elliott's affidavit was impeaching of Bowen's testimony and credibility, Appellants have not demonstrated perjury by Bowen, or that the jury would have believed Elliott over Bowen. Finding no abuse of discretion, see United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997), we affirm the district court's denial of Appellants' motion for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4